■ In the Matter of the Claim of WALLACE F. TRAYNOR, Appellant, against PLATTSBURGH COOP. G. L. F. SERVICE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by claimant from a decision of the Workmen's Compensation Board which denied his application for leave to withdraw a claim. Claimant, who was 18 years of age at the time, was employed by the G. L. F. Service as a warehouseman at Plattsburgh, New York. On the day of the accident, May 1, 1951, he went to work about six-thirty in the morning, and at about eight forty-five he left his place of employment with one John Rigsbee, another employee, to go for refreshments. They went in a car owned and operated by Rigsbee. On their return route at about nine o'clock in the morning the car in which they were riding collided with a switch engine of the Delaware and Hudson Railroad at a grade crossing about one half block from the employer's place of business. The claimant sustained personal injuries. He filed no claim for compensation but his employer filed a report of injury, and on the basis of that the Workmen's Compensation Board assumed jurisdiction and held hearings. At one of the hearings claimant unequivocally testified to the fact that he had the permission of the manager of the plant to go for refreshments in the manner described and that he was paid while absent on that errand. There was no evidence to contradict this. The board quite naturally found that the accident arose out of and in the scope of claimant's employment and made certain awards of compensation which the claimant accepted. Claimant later decided, or someone decided for him, that he should sue the Delaware and Hudson Railroad Company and also Rigsbee. Of course, the Delaware and Hudson is the third party but if the accident happened within the scope of claimant's employment then Rigsbee was a coemployee and claimant has no common-law action against him. It is argued that the action of the board is arbitrary and capricious. If claimant was telling the truth when he testified before the referee, the board was justified in finding that the accident arose out of and in the course of the employment. It would follow

that the board had jurisdiction and we fail to see how its action in declining to relinquish jurisdiction can be classified as arbitrary and capricious. The fact that claimant was an infant is of no consequence. An employee cannot himself waive a right to compensation whether he is an adult or an infant. Even in a close case, which apparently this is, we doubt a claimant can nullify the effect of an award by simply asking permission to withdraw so that he may maintain a common-law action against a coemployee on the theory that at the time of the accident he was not engaged in the course of his employment. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ. [See *post*, p. 795.]